Allen **BETHEL** and **D. J. Diggs,**
Plaintiffs in Error,

v.

**Ida MAGNESS,** Defendant in Error.

No. 36895.

Supreme Court of Oklahoma.

March 20, 1956.

Rehearing Denied May 2, 1956.

Bruce & Rowan, Oklahoma City, for plaintiff in error.

Lee Gill, Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal in a probate matter arising upon application for approval of the final account of Allen Bethel and D. J. Diggs, Executors of the Last Will and Testament of Bessie E. Smith, deceased. Ida Magness, one of the devisees in said will, is the adversary party. The said executors have appealed to this court from an adverse judgment of the District Court of Oklahoma County where the matter was tried de novo on appeal from the County Court.

The only question for determination is whether Ida Magness took the house and lot devised to her free of, or subject to a mechanic's and materialman's lien thereon at the time of the death of the decedent. On July 2, 1952, Bessie E. Smith died, leaving a will and an estate consisting of several pieces of realty of an approximate total value of $60,000. Some three weeks thereafter, her will was admitted to probate and the said Bethel and Diggs were appointed executors. The will provided, first for the payment of debts. Then followed five special devises of individual tracts of realty to decedent's nephews and nieces. Next was a special devise of a specific house and lot to Ida Magness who had been a nurse for decedent for several years. There was another provision for the payment of debts and administration costs out of cash money on hand. Then followed a bequest of all the residue and remainder of the estate.

Prior to the death of Bessie E. Smith repairs were made on the house devised to Ida Magness totaling some $650. The last material was furnished on February 25, 1952, and within four months thereafter, proper lien statement was filed. After the death of Bessie E. Smith and the appointment of the executors and on June 11, 1953, suit was filed against said executors seeking a foreclosure of the lien. Judgment in rem was rendered for the lien claimants on December 3, 1953. About two weeks prior to said judgment, the executors filed their final account and, after the rendition of the judgment, Ida Magness filed objections to the account and a petition requesting sale of enough of the other property of the estate to pay the lien judgment. The County Court denied the objections and petition of Ida Magness and approved the final account. An appeal was duly perfected to the District Court where, upon trial de novo, the judgment of the County Court was reversed and judgment was rendered for the said Ida Magness. From that latter judgment, this appeal has been perfected by the executors.

At the trial, the parties stipulated that there was no property belonging to said estate which was not disposed of by the provisions of the will and that there was sufficient property covered by the residuary bequest to pay the judgment and all costs of a sale. The question, therefore, which is here presented narrows itself down to this: Should the property, specifically devised to Ida Magness, bear the burden of the lien against it or should the judgment be satisfied by a sale of a part or all of the residuary estate?

■ Under the common law, the rule was clear.

"* * * Where property is specifically devised, the intendment of the testator is taken to be that the devisee shall have the property free and clear of encumbrances, in the absence of language showing a contrary intent. In such cases, as an incident to carrying out the testator's wishes, the encumbrance on the property, whether or

not presented as a claim, may be paid out of whatever property is available, although it results in cutting down residuary or general legacies." 4 Bancroft's Probate Practice, Section 1046, page 247.

■ Unless modified by the constitution or statutes, the common law is still in effect in this state. 12 O.S.1951 § 2. The rule has been modified in its application with reference to mortgage encumbrances on the property. 46 O.S.1951 § 5. But, by its own terms, that statutory provision has no application where other types of liens are involved. A mortgage lien results from a voluntary deed of the testator. A mechanic's or materialman's lien is a creature of statute. Hence, the cited statute has no application here. The quoted common law rule is applicable.

■ The executors argue that the lienee presented no claim against the estate within the time provided in the notice to creditors and therefore there was no debt enforceable against the estate. Whatever merit there may be, if any, in the argument is not a defense herein. The lien was established and foreclosed by judgment of a court of competent jurisdiction from which the executors did not appeal. The judgment is final and the proposition is here res judicata. At that time the lien is one of judgment.

■ The other two propositions presented are to the effect that Ida Magness was the only devisee in the will who was not related to the deceased, and that devises to kindred could not be sold for the purpose of satisfying liens against her devise, citing 84 O.S.1951 § 5, which provides:

"Legacies to husband, widow or kindred of any class, are chargeable only after legacies to persons not related to the testator."

The two sections of the statutes immediately preceding the one quoted provide the order in which property of the testator shall be resorted to for payment of debts, section 3, and the payment of legacies, section 4. We need not here determine the applicability of the above quoted section 5 in cases where kindred and others stood in the same "class" as identified by said sections 3 and 4. Herein, there was property devised to a residuary legatee, being in a class enumerated in sections 3 and 4 as subject to payment of debts and legacies before resort may be had to specific devises. The devise to Ida Magness was a specific devise. A similar conclusion was reached in the California case of In re Apple's Estate, 66 Cal. 432, 6 P. 7, cited by the executors to support their argument here. The fallacy in their interpretation of the cited case was occasioned by reason of the fact that the California Court was considering legatees in the same class while here the devisees are in different classes.

In the instant case, the trial court was correct in holding that the lien claim should be paid from proceeds from the sale of the residuary devisee instead of distributing the property to the specific devisee, Ida Magness, while impressed with said lien.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD, JACKSON and HUNT, JJ., concur.

HALLEY, J., dissents.